**In re Michael Lee HARDESTY, Debtor(s).**

**Michael Lee Hardesty, Plaintiff(s)**

v.

**Chase, Defendant(s).**

Nos. 10–3202, 10–34471.

United States Bankruptcy Court, N.D. Ohio.

Dec. 2, 2010.

111

Randy Lee Reeves, Lima, OH, for Debtor.

### *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Motion of the Defendant, Chase Home

Finance, LLC, to Dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6). (Doc. No. 4). The Defendant's Motion is brought against the Complaint of the Plaintiff, Michael L. Hardesty, to have the Defendant held liable for a violation of the automatic stay as set forth in 11 U.S.C. § 362. (Doc. No. 1). On the Motion to Dismiss, each of the Parties filed memorandum in support of their respective positions. The Court has now had the opportunity to review the arguments submitted by the Parties. Based upon this review, the Court finds, for the reasons now explained, that the Motion of the Defendant should be Denied.

## FACTS

The Plaintiff, Michael L. Hardesty (hereinafter the "Plaintiff"), is a debtor before this Court, having filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. At the time he sought bankruptcy relief, real property, in which the Plaintiff held a fee interest, was the subject of a foreclosure action initiated by the Defendant, Chase Home Finance, LLC (hereinafter the "Defendant").

On June 24, 2010, the state court having jurisdiction over the Defendant's foreclosure action entered an "Order of Sale With Appraisal." Less than one week later, on June 30, 2010, the Plaintiff filed his petition in this Court for bankruptcy relief. On this same day, Plaintiffs legal counsel filed notice of the bankruptcy in the foreclosure action pending in state court. Contemporaneously, notice of the Plaintiff's bankruptcy case was also sent to Defendant's legal counsel.

On August 9, 2010, the Defendant filed a Motion to Vacate the Order of Sale. One day later, the state court entered an order, granting the Defendant's Motion. Prior to the vacation of the order of sale, however, three individuals inspected the property subject to the Defendant's foreclosure action. This event occurred on July 8, 2010.

The individuals inspecting the property were charged with conducting an appraisal of the property. According to the Plaintiffs Complaint, at the conclusion of the appraisal, the individuals informed the Plaintiff's wife to contact the Defendant to "let them know that the appraisal was finished on the property." (Doc. No. 1, ¶ 7). Based upon these events, the Plaintiff filed this adversary proceeding on July 13, 2010, seeking a finding that the Defendant violated the automatic stay of 11 U.S.C. § 362(a). For this violation, the Plaintiff asks that he be awarded reasonable attorney fees and punitive damages in the amount of $20,000.00. (Doc. No. 1).

## DISCUSSION

The matter before the Court concerns the application of the automatic stay as set forth in 11 U.S.C. § 362. Determinations concerning the application of the automatic stay are deemed to be "core proceedings." Accordingly, this Court has the jurisdictional authority to enter final orders and judgments in this matter. 28 U.S.C. § 157; *In re Pawlowicz*, 337 B.R. 640, 645 (Bankr.N.D.Ohio 2005).

Upon the commencement of a bankruptcy case, an automatic stay arises as a matter of law. No formal service of process is required for the stay to take effect. *Smith v. First America Bank, N.A.*, 876 F.2d 524, 526 (6th Cir.1989). Bankruptcy law further provides that "an individual injured by any willful violation of a stay ... shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

The Plaintiff's Complaint to recover damages for a violation of the automatic

stay is predicated on one event: The post-petition appraisal conducted in furtherance of the Defendant's foreclosure action. According to the Plaintiffs Complaint, such an action constitutes "a blatant violation of this Court's Automatic Stay Order by attempting to collect a debt subsequent to the Debtor's filing of a Chapter 7 proceeding." (Doc. No. 1, at pg. 2).

■ The scope of the automatic stay is broad, and will operate to enjoin essentially any act by a creditor, whether the commencement or continuation thereof, to recover on a prepetition claim. *First America Bank, N.A.*, 876 F.2d at 525. Among the actions stayed by § 362(a)'s broad reach are foreclosure actions. *Id.* at 526, *citing* S.Rep. No. 989, 95th Cong., 2nd Sess. 54, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5840. From this, two conclusions necessarily follow:

■ First, the prepetition foreclosure action initiated by the Defendant was automatically stayed by § 362 when the Plaintiff filed his petition for bankruptcy relief. Second, the postpetition appraisal conducted in furtherance of the Defendant's foreclosure action violated the automatic stay, as it was done for one purpose: to enable the Defendant to recover on its prepetition claim against the Plaintiff. *Fleet Mortgage Group, Inc. v. Kaneb*, 196 F.3d 265, 269 (1st Cir.1999) (continuation of foreclosure action violates the stay).

■ For its Motion to Dismiss, the Defendant did not take issue with these conclusions, but set forth that, notwithstanding the applicability of the automatic stay and the violation thereof, there should exist no liability on its part because the individuals conducting the appraisal were acting independently from it. Similarly, the Defendant contends that, since it had no control over the actions of the three individuals conducting the appraisal, no lia-

bility on its part should arise from their actions. As support for its position, the Defendant cites to O.R.C. § 2329.17.

Ohio Revised Code § 2329.17 requires that, in a foreclosure action brought by a creditor against real property, an appraisal be conducted. A related provision, O.R.C. § 2329.20, then provides that the property cannot be sold for less than two-thirds of the appraised value. O.R.C. 2329.20. These requirements are designed to protect the interest of the mortgagor, here the Debtor, by ensuring that a fair value is obtained for the property through the foreclosure. *Union Bank Co. v. Brumbaugh*, 69 Ohio St.2d 202, 208, 431 N.E.2d 1020, 1025 (1982).

To further protect the mortgagor, the appraisal conducted under O.R.C. § 2329.17 must be done, as occurred in this case, by three disinterested persons, usually appointed by the local sheriff. *Id.* Section 2329.17(A) provides:

> When execution is levied upon lands and tenements, the officer who makes the levy shall call an inquest of three disinterested freeholders, residents of the county where the lands taken in execution are situated, and administer to them an oath impartially to appraise the property so levied upon, upon actual view. They forthwith shall return to such officer, under their hands, an estimate of the real value of the property in money.

The disinterestedness requirement for the appraisers under O.R.C. § 2329.17 necessarily means that no agency or other similar relationship may exist between the appraisers and the creditor, with the appraisers required by statute to operate independently from the creditor. In this matter, therefore, the Defendant is correct in its assertion that the appraisers who entered the property subject to its foreclosure action were not acting under its direction.

■ This fact alone, however, does not immunize the Defendant from any liability for the appraisers' violation of the automatic stay. For purposes of § 362(a), a creditor, once it receives notice of a debtor's bankruptcy, has an affirmative duty to take reasonable measures to ensure that the collection activities, which it set in motion, are discontinued. The failure to abide by this affirmative duty may result in a stay violation and the imposition of damages.[1]

A creditor's affirmative duty to cease any ongoing collection activities is derived from § 362(a) which provides, *inter alia:*

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
>
>> (1) the commencement or *continuation,* including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

(emphasis added). Thus, as explained in the case of *In re Banks,* 253 B.R. 25 (Bankr.E.D.Mich.2000):

> Based on [the] language of § 362(a)(1), many courts have emphasized the obligation incumbent upon creditors to take the necessary steps to halt or reverse any pending State Court actions or other collection efforts commenced prior to the filing of a bankruptcy petition, including garnishment of wages, repossession of an automobile, foreclosure of a mortgage or a judgment lien and, thereby, maintain, or restore, the status quo as it existed at the time of the filing of the bankruptcy petition.

*Id.* at 30 (collecting cases). The Defendant's lack of any direct control over the appraisers' actions likewise does not shield it from liability.

In its arguments to the Court, the Defendant, Chase Bank, set forth that it should be shielded from any liability for a stay violation because it "is incorrect as a matter of law that the Sheriffs Deputy and the three disinterested appraisers were acting at Chase's instruction." (Doc. No. 8, at pg. 2). The Defendant next stated that "[t]he state court order, coming from the state court not Chase, is what authorized and instructed the Sheriff to appraise under the provisions of the Ohio Revised Code." *Id.* This position, however, that a lack of control may shield a creditor from liability, was raised, but rejected, in the case of *In re Johnson,* 262 B.R. 831, 845 (Bankr.D.Idaho 2001).

In *In re Johnson,* the issue before the Court was whether certain creditors willfully violated the automatic stay when, after receiving notice of the debtors' bankruptcy, they failed to effectuate the prompt return of the debtors' property which had been seized prepetition by the local sheriff acting pursuant to the creditors' levy. Under this factual pattern, the court in *In re Johnson* found that the creditors' inaction was a stay violation, explaining:

> Creditors attempt to shield themselves from liability for the stay violation by

---

1. *See, e.g., Eskanos & Adler, P.C., v. Leetien,* 309 F.3d 1210, 1215 (9th Cir.2002) (finding that § 362(a)(1) imposes on a creditor an affirmative duty to discontinue its postpetition collection actions); *Roche v. Pep Boys, Inc., (In re Roche),* 361 B.R. 615 (Bankr.N.D.Ga. 2005) (creditor has an affirmative duty to cease its garnishment upon learning of debtor's bankruptcy filing).

asserting that it was the Sheriff who was in actual possession of the property. Creditors insist they had no independent duty to ensure return of the property. This argument is unavailing. The stay requires the creditor to maintain the status quo ante and to remediate acts taken in ignorance of the stay. Other courts agree.

Creditors and their counsel are not allowed to sit by and watch the litigation they have commenced proceed by shifting responsibility to local authorities charged with collecting judgments obtained through their efforts. The provisions of the automatic stay place the responsibility to discontinue any pending collection proceedings squarely on the shoulders of the creditor who initiated the action.

Creditors must take the necessary steps to halt or reverse any pending State Court actions or other collection efforts commenced prior to the filing of a bankruptcy petition, including foreclosure of a mortgage or a judgment lien and, thereby, maintain, or restore, the status quo as it existed at the time of the filing of the bankruptcy petition.

*Id.* at 847–48 (all internal formatting, quotations and citations removed).

The Court agrees with this reasoning. Once a creditor commences legal proceedings, it cannot disown all responsibility for actions taken by other parties in furtherance of the action. To hold otherwise, would place a large hole in the reach afforded by § 362(a), which was intended by Congress to offer broad protections to the debtor and the bankruptcy estate. *Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.),* 311 B.R. 551, 555 fn. 8 (Bankr. C.D.Cal.2004) ("Congress intended the scope of § 362(a) to be broad, staying nearly every type of formal or informal action against the debtor or property of the estate.") In this particular case, therefore, the Defendant cannot shield itself from liability based simply on the fact that the persons conducting the appraisal in its foreclosure action were operating outside its direct control.

■ As a final point in support of its Motion to Dismiss, the Defendant set forth that no liability should attach under § 362 because it did, in fact, take affirmative action to have its foreclosure action halted, having filed a Motion to Vacate the Order of Sale. The weakness with this argument, however, arises not from the Defendant's remedial measure, but with the lapse of time. While immediacy is not necessarily required, measures to halt ongoing collection activities must be brought by a creditor within a reasonable amount of time; otherwise, the delay in action stands to run afoul of § 362(a). *Sternberg v. Johnston,* 595 F.3d 937, 944 (9th Cir. 2010). Contrary to this requirement, however, the record in this case shows that the Defendant did not file its Motion to Vacate the Order of Sale until August 9, 2010, more than a month after the Plaintiff sought bankruptcy relief, and then only after the Plaintiff had commenced this adversary proceeding.

The Defendant's Motion to Dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Bankruptcy Rule 7012(b)(6), which invokes Fed.R.Civ.P. 12(b)(6), provides that a court may dismiss a case for "failure to state a claim upon which relief can be granted." Such relief, however, can only be entered when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811, 113 S.Ct. 2891, 2917, 125 L.Ed.2d 612 (1993). For those reasons stated, this standard has not been met.

Accordingly, it is

**ORDERED** that the Motion brought by the Defendant, Chase Home Finance, LLC, to Dismiss the Plaintiffs Complaint pursuant to Rule 12(b)(6), be, and is hereby, DENIED.

*IT IS FURTHER ORDERED* that a continued PreTrial is hereby set for Tuesday, January 4, 2011, at 2:00 P.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.