**IN RE: John Edward HANSON, III, Debtor.**

**John Edward Hanson, III, Plaintiff,**

v.

**Antio, LLC, and Weinstein, Pinson an Riley, P.S., Defendants.**

**Case No. 3:13–bk–4140–PMG**
**Adv. No. 3:14–ap–300–PMG**

United States Bankruptcy Court, M.D. Florida, **Jacksonville Division.**

Signed March 18, 2015

Ryan G. Moore, Wendell Finner, P.A., Jacksonville Beach, FL, for Plaintiff.

Michael D. Lessne, Gray Robinson PA, Fort Lauderdale, FL, for Defendants.

## ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

PAUL M. GLENN, United States Bankruptcy Judge

**THIS CASE** came before the Court for hearing to consider the Motion of Antio, LLC and Weinstein, Pinson & Riley, P.S. (the Defendants) for Reconsideration of Order on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 15).

In the First Amended Complaint, the Debtor alleged that the Defendants had violated the Fair Debt Collection Practices Act (FDCPA) by filing a Proof of Claim in his Chapter 13 case without providing certain notices required by the Act. On December 1, 2014, the Court entered an Order denying the Defendants' Motion to Dismiss the Complaint, and the Defendants now ask the Court to reconsider that Order.

In the Eleventh Circuit, relief from an order may be granted to consider newly-discovered evidence or to correct manifest errors of law or fact.

Denial of the Defendants' Motion to Dismiss the Debtor's Complaint in this case was manifest error under the limited circumstances of this case. Upon reconsideration, the Court finds that the Debtor's Complaint did not state a cause of action under the FDCPA, because (1) the Defendants acquired the alleged debt after the bankruptcy case was filed, (2) the only collection activity alleged in the Complaint was the filing of a Proof of Claim in the bankruptcy case, and (3) the Complaint did not contain sufficient factual allegations to show that the filing of the Proof of Claim was deceptive or abusive. Under these circumstances, the Defendants' Motion for Reconsideration should be granted, and the Debtor's Complaint should be dismissed without prejudice.

### Background

The Debtor, John Edward Hanson, III, filed a petition under Chapter 13 of the Bankruptcy Code on July 2, 2013.

On September 24, 2014, the Debtor filed a First Amended Adversary Complaint against the Defendants. (Doc. 7). In the Complaint, the Debtor alleged that he owed an alleged prepetition debt to Citibank, N.A., but that he had not engaged in any business with the Defendants. (Doc. 7, ¶¶ 6, 8). The Debtor further alleged:

9. On August 9, 2013 ANTIO, filed an unsecured proof of claim (Claim # 4) in the amount of $12,963.42.

10. The claim did not state when, from whom, or how Mr. Hanson's alleged debt was assigned or transferred to ANTIO.

11. Mr. Hanson never received any notice that ANTIO had been assigned the alleged debt prior to the Defendants' filing of the proof of claim.

12. On February 18, 2014 ANTIO, by and through its agent, WEINSTEIN, filed its Second Amended Proof of Claim (the "2nd Claim").

13. The 2nd Claim alleges that Mr. Hanson's alleged debt was sold by CITI to OPHRYS, LLC ("OPHRYS") on July 30, 2013. The 2nd Claim further alleges that OPHRYS sold the alleged debt to ANTIO, also on July 30, 2013.

14. Mr. Hanson did not receive written notice from OPHRYS, ANTIO or WEINSTEIN that the alleged debt had been assigned to ANTIO.

(Doc. 7, ¶¶ 9–14). Based on these allegations, the Debtor alleged that the Defendants violated the FDCPA by "attempting to collect an alleged debt without first providing notice that it had been assigned that debt," and by failing to provide the Debtor with "written notice of Mr. Hanson's right to verify and dispute the alleged debt." (Doc. 7, ¶¶ 17, 19).

The Defendants filed a Motion to Dismiss the Amended Complaint, and the Court entered an Order denying the Motion on December 1, 2014. (Doc. 11). Generally, the Court found that the Complaint stated a plausible claim for relief for purposes of Rule 12 of the Federal Rules of Civil Procedure, primarily because the Court could draw the inference that the Defendants did not provide the Debtor with sufficient information to verify the debt or dispute the payment obligation to Antio. (Doc. 11, p.4).

## Discussion

■ The Defendants filed a Motion for Reconsideration of the Order pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure and Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 15). In the Eleventh Circuit, relief from an order may be granted under Rule 59(e) to consider newly-discovered evidence or to correct manifest errors of law or fact. *In re Pearlman,* 2011 WL 3585869, at *1 (Bankr.M.D.Fla.2011).

The Court's denial of the Defendants' Motion to Dismiss the Debtor's Complaint was manifest error under the limited circumstances of this case. Upon reconsideration, the Court finds that the Debtor's Complaint did not state a cause of action under the FDCPA, because (1) the Defendants acquired the alleged debt after the bankruptcy case was filed, (2) the only collection activity alleged in the Complaint was the filing of a Proof of Claim in the bankruptcy case, and (3) the Complaint did not contain sufficient factual allegations to show that the filing of the Proof of Claim was deceptive or abusive.

### A. The Defendants acquired the alleged debt post-petition.

The Debtor filed his Chapter 13 bankruptcy case on July 2, 2013. In the Complaint, the Debtor alleges that he owed an alleged debt to Citibank, N.A. on the date of the petition.

In the Complaint, the Debtor also alleges that the Defendants filed an Amended Proof of Claim in his Chapter 13 case, and that the Amended Claim reflects that Citibank sold the debt to Ophrys, LLC, and that Ophrys, LLC sold the debt to Antio, LLC (Antio), on July 30, 2013. A copy of a Bill of Sale and Assignment from Citibank to Ophrys dated July 30, 2013, and a copy of an Assignment from Ophrys to Antio dated July 30, 2013, are attached to the Amended Claim. (Main Case, Claim No. 4–2).

According to the Debtor's Complaint and the Defendants' Amended Claim, therefore, the Defendants acquired the debt on July 30, 2013, after the filing of the bankruptcy petition on July 2, 2013.

■ Accordingly, the automatic stay of § 362 of the Bankruptcy Code was already in effect when Antio acquired the debt. 11 U.S.C. § 362(a). The stay arises as a matter of law upon the commencement of a bankruptcy case, and generally continues until the case is closed or dismissed or a debtor receives his discharge. *Perry v. Commissioner*, 2014 WL 5838423, at *2 (U.S. Tax Court 2014). The scope of the stay is broad, and will operate to enjoin virtually any act by a creditor to recover on a prepetition claim. *In re Hardesty*, 442 B.R. 110, 113 (Bankr.N.D.Ohio 2010).

■ Sending a notice under the FDCPA directly to a debtor who has filed a bankruptcy case may constitute an act to recover a debt that violates the automatic stay of § 362(a). *Simon v. FIA Card Services, N.A.*, 732 F.3d 259, 280 (3d Cir.2013)(quoted in *Garfield v. Ocwen Loan Servicing, LLC*, 526 B.R. 471, 478–79, 2015 WL 307009, at *6 (W.D.N.Y.2015)).

In this case, therefore, the Defendants were enjoined from sending any notices under the FDCPA directly to the Debtor, because they acquired the debt after the bankruptcy petition had been filed and the automatic stay was in effect.

**B. The Defendants' only collection activity was filing a Proof of Claim.**

■ The automatic stay, however, "does not prohibit the filing of a proof of claim to collect a debt within the bankruptcy process." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1262 (11th Cir.2014). A creditor may file a proof of claim in a bankruptcy case pursuant to § 501 of the Bankruptcy Code and Rule 3002 of the Federal Rules of Bankruptcy Procedure.

In the Complaint, the Debtor alleges that the Defendants filed a Proof of Claim in his bankruptcy case on August 9, 2013, and that the Defendants filed an Amended Proof of Claim on February 19, 2014. (Doc. 7, ¶¶ 9, 12).

The Debtor does not allege that the Defendants took any other action to collect the debt. The Debtor does not allege, for example, that the Defendants made any demands or threats apart from filing the Proof of Claim, or that the Defendants communicated with him personally or at his place of business. Consequently, the conduct in this case is unlike the harassing collection activity alleged in *Garfield v. Ocwen Loan Servicing, LLC*, 526 B.R. 471, 2015 WL 307009 (W.D.N.Y.), or *Davis v. NCO Financial Systems, Inc.*, 2014 WL 4954705 (M.D.Fla.2014).

**C. The Complaint did not sufficiently allege that the Proof of Claim was deceptive or abusive.**

In the Complaint, the Debtor alleges that the only collection activity undertaken by the Defendants was the filing of a Proof of Claim in his bankruptcy case. The Debtor alleges, however, that he was not notified that the debt had been assigned to Antio before the Proof of Claim was filed. (Doc. 7, ¶¶ 11, 14). According to the Debtor, therefore, the Defendants violated the FDCPA by attempting to collect the debt without providing prior notice of the assignment, and without providing notice of the Debtor's right to verify and dispute the debt. (Doc. 7, ¶¶ 17, 19).

In *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir.2014), the Eleventh Circuit Court of Appeals examined the consumer-protection purpose of the FDCPA.

The FDCPA is a consumer protection statute that "imposes open-ended prohibitions on, *inter alia*, false, deceptive, or unfair" debt-collection practices.... Congress passed the FDCPA in 1977 to stop "the use of abusive, deceptive, and

unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). *Crawford,* 758 F.3d at 1257.

The consumer-protection purpose of the FDCPA is reflected in the three sections of the Act cited by the Debtor in his Complaint. The three sections are 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692g. (Doc. 7, ¶¶ 16–19).

Section 1692d prohibits a debt collector from engaging in any conduct that harasses, oppresses, or abuses any person in connection with the collection of a debt. Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of a debt. And § 1692g provides that a debt collector shall send written notice to the consumer of the amount of the debt, the name of the creditor, and the consumer's right to dispute the validity of the debt.

In *Crawford,* for example, the creditor had filed a claim based on a debt that was known to be time-barred and unenforceable, and the Eleventh Circuit found that the filing of such a claim violated the FDCPA:

> Similar to the filing of a stale lawsuit, a debt collector's filing of a time-barred proof of claim creates the misleading impression to the debtor that the debt collector can legally enforce the debt. . . . For all of these reasons, under the "least-sophisticated consumer standard" in our binding precedent, LVNV's filing of a time-barred proof of claim against Crawford in bankruptcy was "unfair," "unconscionable," "deceptive," and "misleading" within the broad scope of § 1692e and § 1692f.

*Crawford,* 758 F.3d at 1261. In other words, the creditor violated the FDCPA by filing a stale claim in bankruptcy court, because filing a claim that was known to be unenforceable was inherently deceptive and misleading to the debtor.

In this case, by contrast, the Debtor's only factual allegations are that the Defendants did not provide notice that the debt had been assigned to Antio before filing the Proof of Claim, and that the Defendants did not provide notice of the Debtor's right to verify the debt. The Debtor does not allege that the Proof of Claim is abusive, deceptive, or misleading for any other reason, or that he does not have the right to verify the debt in the bankruptcy claims process.

Antio acquired the alleged debt in this case after the bankruptcy petition was filed, and the Defendants were therefore prohibited by the automatic stay from sending any notices regarding the alleged debt directly to the Debtor. The only action taken by the Defendants to collect the debt was the filing of a Proof of Claim in the bankruptcy case, as permitted by the Bankruptcy Code, and the Debtor does not allege that the Proof of Claim was invalid or unenforceable for any reason other than the Defendants' failure to provide certain notices regarding the alleged debt.

For these reasons, the Complaint does not contain sufficient factual allegations to show that the Defendants' Proof of Claim was deceptive or abusive within the meaning of the Eleventh Circuit's decision in *Crawford.*

**Conclusion**

In the First Amended Complaint, the Debtor alleged that the Defendants had violated the FDCPA by filing a Proof of Claim in his Chapter 13 case without providing certain notices required by the Act. On December 1, 2014, the Court entered an Order denying the Defendants' Motion to Dismiss the Complaint, and the Defendants now ask the Court to reconsider that Order.

In the Eleventh Circuit, relief from an order may be granted to consider newly-

discovered evidence or to correct manifest errors of law or fact.

Denial of the Defendants' Motion to Dismiss the Debtor's Complaint in this case was manifest error under the limited circumstances of this case. Upon reconsideration, the Court finds that the Debtor's Complaint does not state a cause of action under the FDCPA, because (1) the Defendants acquired the alleged debt after the bankruptcy case was filed, (2) the only collection activity alleged in the Complaint was the filing of a Proof of Claim in the bankruptcy case, and (3) the Complaint did not contain sufficient factual allegations to show that the filing of the Proof of Claim was deceptive or abusive. Under these circumstances, the Defendants' Motion for Reconsideration should be granted, and the Debtor's Complaint should be dismissed without prejudice.

Accordingly:

**IT IS ORDERED** that:

1. The Motion of Antio, LLC and Weinstein, Pinson & Riley, P.S. for Reconsideration of Order on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is granted.

2. The First Amended Adversary Complaint of the Debtor, John Edward Hanson, III is dismissed without prejudice.