Mark TAYLOR, on behalf of himself and others similarly situated, Plaintiff,

v.

MIDLAND FUNDING, LLC, and American Infosource, L.P., Defendants.

Case No. 14 C 9277.

United States District Court, N.D. Illinois.

Signed March 20, 2015.

David J. Philipps, Angie K. Robertson, Mary Elizabeth Philipps, Philipps & Philipps, Ltd., Palos Hills, IL, for Plaintiff.

Theodore Wilson Seitz, Dykema Gossett, PLLC, Lansing, MI, Heather L. Kramer, Todd A. Gale, Chicago, IL, Stacie Elaine Barhorst, Kaplan Papadakis & Gournis

PC, James R. Bedell, Moss & Barnett, PA, Minneapolis, MN, for Defendants.

### *ORDER*

RONALD A. GUZMAN, District Judge.

For the reasons stated below, Midland's motion to dismiss, stay or transfer [21] and AIS's motion to transfer [25] and, as construed, motion to dismiss [35] are denied.

### *MEMORANDUM OPINION*

Plaintiff, on behalf of himself and others similarly situated, sued Midland Funding, LLC and American Infosource, L.P. alleging that they violated § 1692e(5) of the Fair Debt Collection Practices Act ("FDCPA") when they filed a proof of claim in Plaintiff's Chapter 13 bankruptcy proceeding on an allegedly time-barred debt. Both Defendants move to dismiss [1] for failure to state a claim and transfer the action, but to two different venues. For the reasons stated below, the motions to dismiss are denied as are the motions to transfer.

Facts

According to the complaint, Midland "is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect upon by filing proof of claims in consumer bankruptcies." (Compl., Dkt. # 1, ¶ 5.) Further, "AIS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois." (*Id.* ¶ 6.) Under Illinois law, the statute of limitations for collecting delinquent credit card debt is five years from the date of last

---

1. While AIS did not file a document entitled motion to dismiss, it "responded" to Midland's motion to dismiss, essentially joining in Midland's motion. (Dkt. # 35.) The Court therefore construes AIS's "response" as a motion to dismiss. Plaintiff's motion to strike AIS's improperly-named response is denied.

activity, which was May 30, 2009. (*Id.* ¶¶ 10–11 (citing 735 Ill. Comp. Stat. 5/13–205).) Thus, Plaintiff alleges that Defendants' July 8, 2014 filing of a proof of claim violated § 1692e(5) of the FDCPA, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken."

**Analysis**

*Midland's Motion to Dismiss, Stay or Transfer*

Midland moves to dismiss or, in the alternative, stay or transfer only the claim against it (and not AIS) based on an earlier-filed class action in the Southern District of Alabama, *Aledia Johnson v. Midland Funding, LLC*, No. 1:14–CV–00332 (S.D.Ala. July 14, 2014). *Johnson* is also a putative class action and seeks the same relief against Midland as the plaintiff and putative class here. (Midland's Mot. Dismiss Stay Transfer, Dkt. # 21, Ex. A, ¶¶ 21–23.) A motion to dismiss filed by Midland remains pending in that case and no motion for class certification has been filed.

◼ The first-to-file rule cited by Midland "is viewed in this circuit not as a hard-and-fast rule, but rather as a question of comity over which the district court enjoys a great deal of discretion." *Askin v. Quaker Oats Co.*, No. 11 C 111, 2012 WL 517491, at *3 (N.D.Ill. Feb. 15, 2012) (citing *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 980–81 (7th Cir.2010)). "The first-to-file principle is part of the district courts'

inherent power to administer their dockets so as to conserve scarce judicial resources by avoiding duplicative litigation." *Id.* (citation and internal quotation marks omitted). When considering whether a suit duplicates an earlier-filed action, the court considers if the claims, parties, and available relief are significantly different. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888 (7th Cir.2012) (internal quotations omitted). Under this standard, suits are duplicative if they contain substantially overlapping claims. *Humphrey v. United Healthcare Serv., Inc.*, No. 14 C 1157, 2014 WL 3511498, at *2 (N.D.Ill. July 16, 2014).

◼ As stated, in both this and the *Johnson* cases, the named and putative plaintiffs seek relief against Midland under the FDCPA for a nationwide class of all individuals as to whom Midland filed proofs of claim in bankruptcy cases for time-barred consumer debts. Therefore, regarding Midland, the Court finds the cases to be substantially similar, should a class be certified. However, as noted, a motion to dismiss is still pending in the *Johnson* case and no motion for class certification has been filed. The *Johnson* case may be dismissed or a class certification motion, if filed, could be denied. Indeed, the *Johnson* case is not significantly further along than this case. Therefore, the Court, in its discretion, declines to dismiss or stay this case at this time.

◼ Midland also asks, in the alternative, that the Court transfer the case to the Southern District of Alabama.[2] Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to

---

**2.** Midland emphasizes that it seeks transfer only as to it and not AIS; therefore, the Court

addresses Midland's motion to transfer without out reference to AIS.

any district or division to which all parties have consented." Transfer under § 1404(a) is appropriate if three requirements are satisfied: (i) venue is proper in both the transferor and transferee court; (ii) transfer is for the convenience of the parties and witnesses; and (iii) transfer is in the interests of justice. *Midas Int'l Corp. v. Chesley*, 11 C 8933, 2012 WL 1357708, at *2 (N.D.Ill. Apr. 19, 2012) (internal citations and quotation marks omitted).[3]

■ When analyzing the second prong, the convenience of the parties and witnesses, also referred to as the private interests, the Court considers: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses. *Am. Roller Co., LLC v. Foster Adams Leasing, LLP*, 421 F.Supp.2d 1109, 1114 (N.D.Ill.2006). When determining the interests of justice requirement, the Court must consider the following public interest factors: (i) the congestions of the respective court dockets; (ii) prospects for a speedy trial; (iii) the respective desirability of resolving controversies in each locale; (iv) the court's familiarity with the applicable law; and (v) the relationship of each community to the controversy. *See Research Automation*, 626 F.3d at 978 (citations omitted). The fact that a substantially similar case has already been filed in the Southern District of Alabama is considered in addition to the traditional § 1404 factors. *Id.* at 982.

■ Under § 1404(a), the plaintiff's choice of forum is usually given "substantial weight ... particularly where it is also the plaintiff's home forum." *Midas*, 2012 WL 1357708, at *3 (citation omitted).

While it is true that certain courts in this district have concluded that the plaintiff's choice of forum is discounted in a putative class action, this court agrees with the recent decision in *AL and PO Corp. v. Am. Healthcare Capital, Inc.*, No. 14 C 1905, 2015 WL 738694 (N.D.Ill. Feb. 19, 2015), a putative class action, in which the court stated:

> ... Defendants urge this court to similarly discount Plaintiff's choice [of forum]. The court is hesitant to adopt this approach. First, the Seventh Circuit has not endorsed this reasoning. Second, though Plaintiff has proposed nationwide classes, the class certification motion has not been briefed, and the court does not assume such a broad class will in fact ultimately be certified. In any event, unnamed class members presumably benefit from a class representative who is able to aggressively litigate their claims without significant inconvenience due to travel. Though the court acknowledges that potential class members could be inconvenienced by litigation in the Northern District of Illinois, that inconvenience to potential parties does not, at this stage, outweigh the "plaintiff's venue privilege."

*Id.* at *3.

Regarding the situs of material events, the time-barred proof of claim was filed here. As to the convenience of the parties and witnesses, this district is more convenient to Plaintiff, who lives here. The case against Midland is pending in Alabama, thus it would be more convenient for it to litigate one case there. Presumably, however, Midland can easily transfer any discovery requests and responses as well as merits-related briefing to this case and vice versa. The parties gloss over the

---

**3.** The Court has assumed for purposes of this motion that venue would be proper in all of the districts mentioned.

convenience to the witnesses, especially the non-party witnesses, which is one of the most important factors, providing no specifics as to their identities or testimony. *Perry v. Cable News Network, Inc.,* No. 14 C 1194, 2014 WL 4214873, at *3 (N.D.Ill. Aug. 25, 2014) ("[T]he convenience of non-party witnesses outweighs the convenience of party witnesses, including employees or paid experts, because the latter typically appear voluntarily"); *Caterpillar, Inc. v. ESCO Corp.,* 909 F.Supp.2d 1026, 1030 (C.D.Ill.2012) ("Several courts have observed that the convenience of non-party witnesses, as compared to the convenience of witnesses who are in the employ of the parties, is perhaps the most important of the convenience factors."); *Mattsson v. Gerry Wood Prods. Co.,* No. 95 C 2314, 1997 WL 158334, at *1 (N.D.Ill. Mar. 31, 1997) ("Generally, proper consideration of th[e] [convenience-to-witnesses] factor requires the parties to identify with specificity the witnesses it intends to call as well as the general content of their proposed testimony.") (emphasis in original). Therefore, the Court deems this factor to be neutral.

As to the interests of justice, contrary to Midland's assertion, conserving judicial resources is not a benefit that would result from a transfer to Alabama because this Court will still have the case against AIS on its docket and thus be required to expend resources overseeing the litigation and making substantive rulings regardless of the number of defendants. Both this Court and the Southern District of Alabama are familiar with the FDCPA, so that factor is neutral. In terms of the communities' relationship to the proceedings, Plaintiff lives in this district and Midland filed its proof of claim in Plaintiff's bankruptcy proceeding pending in this district. Midland points to no relationship to Alabama other than that it is named as a defendant in the *Johnson* case pending there. Therefore, this factor favors keep-

ing the action here. Finally, while the *Johnson* case was filed first, for the reasons stated above, the Court does not believe this factor favors transfer at this time. Based on a consideration of all of the relevant factors, the Court concludes in its discretion that Midland has not, at this stage of the litigation, met its burden of establishing that the Southern District of Alabama is a clearly more convenient forum for litigating this case. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219–20 (7th Cir.1986) ("The movant ... has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient.").

*AIS's Motion to Transfer*

■ AIS seeks to transfer this case to the United States District Court for the Western District of Oklahoma because its nationwide proof of claim filing operation is run entirely out of Oklahoma City, Oklahoma. No similar case is pending in Oklahoma; thus, the order of filing is not at issue with respect to AIS's motion. According to AIS, it prepares all proofs of claim, "scrubs" them for compliance with statutes of limitations, and electronically files them from its office in Oklahoma City. It notes that personnel with knowledge of the "scrubbing" procedures, including its Chief Operating Officer, Matt Sutherland, are located in Oklahoma City and that all of the relevant documents are there as well. The Court agrees that a transfer to Oklahoma would be more convenient for AIS, but AIS fails to show that it is a more convenient venue for the parties: Midland's principal place of business appears to be in California and Plaintiff is in Illinois. More importantly, AIS does not point to the identity, location or testimony of any non-party witnesses who would benefit from a transfer to Oklahoma. Discovery materials can be easily transferred electronically from Oklahoma City to Chi-

cago. Moreover, assuming that a number depositions of AIS employees will need to be taken, it is likely that Plaintiff's counsel will have to travel to Oklahoma City for those depositions regardless of where the case is pending.

While it is true that the Western District of Oklahoma has fewer cases than the Northern District of Illinois and a shorter median number of months from filing to trial (AIS Mem. Support Mot. Transfer, Dkt. # 26, at 12; *id.* at 26–2), this Court keeps a tight rein on its cases and moves them along at a speedy pace. Moreover, both this Court and the District Court for the Western District of Oklahoma have familiarity with the FDCPA. Having considered all of the relevant factors, the Court concludes that AIS has not met its burden of establishing that Oklahoma is a clearly more convenient venue than this district for litigating the instant case.

*Defendants' Motions to Dismiss for Failure to State a Claim*

 As stated, § 1692e(5) only precludes a "threat to take any action" while Plaintiff's complaint alleges that Defendants actually took the action of filing an untimely proof of claim. (Compl., Dkt. # 1, ¶ 10.). Defendants contend that Plaintiff fails to allege a violation pursuant to the plain terms of § 1692e(5). *See Bravo v. Midland Credit Mgmt., Inc.,* No. 14 C 4510, 2014 WL 6980438, at *3 (N.D.Ill. Dec. 9, 2014) (dismissing § 1692e(5) claim based on purported collection letters sent to plaintiff after defendant forgave the debts because "[b]y its plain terms, § 1692e(5) prohibits only the *threat* of unlawful action, not the unlawful action *itself,* the complaint, by contrast, alleges that Midland *took* unlawful action") (emphasis in original). The *Bravo* court noted that several opinions from district courts in this circuit hold similarly. *Id.* (citing *Thompson v. CACH, LLC,* 2014 WL 5420137, at

*4 (N.D.Ill. Oct. 24, 2014) ("threats in and of themselves … animate § 1692e(5), not what unfolds following the taking of a debt collection action"); *Fick v. Am. Acceptance Co., LLC,* 2012 WL 1074288, at *4 (N.D.Ind. Mar. 28, 2012) ("The plain language of the statute makes clear that the prohibition extends only to threats to take action that cannot be legally taken …, but not illegal actions actually taken."); *Wehrheim v. Secrest,* 2002 WL 31242783, at *5 (S.D.Ind. Aug. 16, 2002) (Tinder, J.) ("The court rejects Plaintiff's attempt to equate threats of action with actions actually taken."); *Clark v. Pollard,* 2000 WL 1902183, at *3 (S.D.Ind. Dec. 28, 2000) (Hamilton, J.) ("By its plain language, subsection (5) applies to threats of action, not to actions actually taken.").)

However, the Seventh Circuit has held that filing an untimely lawsuit to collect a debt can constitute a violation of the FDCPA. *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076, 1079 (7th Cir.2013). In light of this holding, the Court cannot conclude at this point in the litigation that the actual filing versus the threat of filing a time-barred proof of claim in a bankruptcy case is not viable under the § 1692e(5).

Defendants also point to two recent rulings in this district which conclude that the filing of a proof of claim in a bankruptcy case with respect to a time-barred debt is sufficiently distinguishable from the filing of a lawsuit and does not constitute a violation of the FDCPA. In *In re La-Grone,* the court granted a motion to dismiss a complaint alleging violations under several sections of 1962e and f, including § 1692e(5), at issue here, as to a proof of claim on a time-barred debt. The *La-Grone* court noted important "differences between lawsuits filed against individuals and proofs of claim filed in bankruptcy cases, all indicating that the deception and unfairness of untimely lawsuits is not present in the bankruptcy claims process":

First, in collection lawsuits, the debtors themselves must assert the statute of limitations in an answer. Debtors in bankruptcy cases, on the other hand, have the benefit of a trustee with a fiduciary duty to all parties to "examine proofs of claims and object to the allowance of any claim that is improper." Second, a debtor in bankruptcy has much less at stake in the allowance of a proof of claim than a defendant facing the prospect of an adverse judgment in a collection lawsuit. A proof of claim does not result in collection from the debtor personally but seeks only a share in the total payments available to all of the debtor's creditors ...

Third, in a collection lawsuit a consumer debtor would have to retain and likely pay for the services of a lawyer. Debtors in bankruptcy, by contrast, are likely from the outset of the case to be represented by an attorney who can both advise them about the existence of a statute of limitations defense and file an objection if the trustee does not. The debtor here has been represented by counsel throughout the case.

Finally, even if the trustee fails to file a claim objection based on the statute of limitations, even if filing a claim objection would have a significant benefit for the debtor, and even if the debtor did not have legal assistance, it would be easier—and less embarrassing—for the individual debtor to file a claim objection pro se than to deal with an untimely collection lawsuit. Under Bankruptcy Rule 3001(c)(3), a claim for credit card debt—such as the one at the center of this adversary proceeding—must list the creditor who held the debt at the time of the account holder's last transaction, the date of the last transaction, the date of the last payment, and the date the account was charged to profit or loss .... So unlike the consumer who has only the information required in a state court complaint, a debtor in bankruptcy should always have the information needed to determine whether the statute of limitations for a claim has expired. *In re LaGrone*, 525 B.R. 419, 426–27 (Bkrtcy.N.D.Ill.2015) (internal citations omitted).

The *LaGrone* court also noted that the Advisory Committee Notes to the 2012 Amendments to Bankruptcy Rule 3001(c)(3) expressly anticipated untimely proofs of claim by requiring disclosures that would "provide a basis for assessing the timeliness of the claim." *Id.* at 427. *See also Robinson v. eCast Settlement Corp.*, No. 14 C 8277, 2015 WL 494626, at *3–4 (N.D.Ill. Feb.. 3, 2015) (concluding that a "rule-compliant albeit untimely proof of claim is not misleading" and therefore plaintiff did not state a claim under § 1692e(5) because a "proof of claim submitted on a court-approved form, fully compliant with Rule 3001(c)(3), is a neutral statement that a debt existed at a certain time and is now owned by the claimant").

However, a number of other courts in this circuit have found otherwise. *See Patrick v. Worldwide Asset Purchasing II, LLC*, No. 1:14–cv–00544–TWP–TAB, 2015 WL 627376, at *2 (S.D.Ind. Feb. 13, 2015) ("Impermissibly filing a time-barred proof of claim can create a misleading impression to the debtor that the debt collector can legally enforce the debt."); *Elliott v. Cavalry Inv. LLC*, No. 1:14 C 01066, 2015 WL 133745 (S.D.Ind. Jan. 9, 2015) (denying motion to dismiss FDCPA claim, stating that "there is persuasive authority that the [plaintiffs'] FDCPA claim predicated on the filing of a proof of claim regarding a time-barred debt can proceed") (citing *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1261 (11th Cir.2014) (concluding that Seventh Circuit's concerns expressed in the *Phillips* decision regarding the filing of a state court suit to collect a time-

barred debt equally apply in the bankruptcy context)); *Patrick v. PYOD, LLC*, 39 F.Supp.3d 1032, 1036 (S.D.Ind.2014) (concluding that filing proof of claim as to time-barred debt can violate the FDCPA).

Given the Seventh Circuit's decision in *Phillips* and the split of authority on the issue, at this stage of the litigation making all inferences in Plaintiff's favor, the Court cannot conclude that Plaintiff has failed to state a claim as a matter of law. Therefore, Defendants' motions to dismiss are denied.

**Conclusion**

For the reasons stated above, Midland's motion to dismiss, stay or transfer [21] and AIS's motion to transfer [25] and, as construed, motion to dismiss [35] are denied.