# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2661

_____

|                                        |     |                                   |
|----------------------------------------|-----|-----------------------------------|
| Troy L. Freyermuth                     | *   |                                   |
|                                        | *   |                                   |
| Appellant,                             | *   |                                   |
|                                        | *   |                                   |
| v.                                     | *   | Appeal from the United States     |
|                                        | *   | District Court for the District   |
| Credit Bureau Services, Inc,           | *   | of Nebraska.                      |
| d/b/a Checkmate of Fremont             | *   |                                   |
|                                        | *   |                                   |
| Appellees.                             | *   |                                   |

_____

Submitted: February 15, 2001

Filed: April 27, 2001

_____

Before RICHARD S. ARNOLD, and HANSEN, Circuit Judges, and DAVIS,[1]
District Judge.

_____

DAVIS, District Judge.

Troy L. Freyermuth (Freyermuth) appeals the district court's entry of
summary judgment in favor of Credit Bureau Services, Inc., d/b/a/ Checkmate of
Fremont (Checkmate). Freyermuth commenced this action pursuant to the Fair Debt
Collection Practices Act (FDCPA), for abusive practices in seeking to collect

_____

[1] The Honorable Michael J. Davis, United States District Judge for the District
of Minnesota, sitting by designation.

payment for dishonored checks. 15 U.S.C. §§1692 et seq.  The District Court[2] granted summary judgment  for defendant. We affirm.

I.

Between May 11, 1990, and April 8, 1998, Freyermuth wrote fourteen checks which were returned for insufficient funds (NSF) to various merchants in Fremont, West Point, and Wisner, Nebraska. The merchants referred the NSF checks to Checkmate, a check authorization service, for collection. Six of the checks were referred to Checkmate in 1990; two checks were then referred in 1994, five in 1995, and one in 1998. Checkmate sent individual notices ("Initial Notices") to Freyermuth within two business days after receiving each of the referred checks. Each Initial Notice was sent to Freyermuth at his last known address. The Initial Notices  indicated that Freyermuth had an amount due on Checkmate's permanent bad check data file, and listed the outstanding balance and applicable service charges.  Freyermuth paid the principal balance on seven of the fourteen checks; he did not pay service charges on any of the fourteen checks.  On May 6, 1998, Checkmate sent Freyermuth two follow-up notices ("Subsequent Notices") regarding the NSF checks identified in the fourteen Initial Notices.

The language of the Subsequent Notices reads: "Our records show the amount due indicated below remains in our CHECKMATE PERMANENT BAD CHECK DATA FILE.  TO PROTECT YOUR CHECK-WRITING PRIVILEGES, REMIT THE BALANCE DUE IMMEDIATELY (CASH OR MONEY ORDER ONLY)... To be sure of proper credit and to stop further procedure[sic], make your payment in full."[3]

---

[2]The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

[3]The language of the two notices differs slightly. One notice addresses the checks for which the principal balance and the service charges are outstanding. The

On May 20, 1998, Freyermuth, through his counsel, wrote Checkmate requesting the names and addresses of the original creditors and the amount in controversy concerning each check. On June 2, 1998, Checkmate replied in writing with a list of 11 creditors, and a principal amount for each creditor. Freyermuth filed this lawsuit against Checkmate on May 5, 1999, for abusive debt collection practices in violation of the FDCPA. He alleged that Checkmate unlawfully attempted to collect a service charge in violation of 15 U.S.C. §1692f(1).

Checkmate brought a motion for summary judgment. In his response to Checkmate's motion, Freyermuth raised the new claim that Checkmate had further violated the FDCPA by attempting to collect on debts that were probably time-barred, and moved for partial summary judgment in his favor. The district court granted summary judgment to Checkmate, holding that the entire claim was barred by the FDCPA's one year statute of limitation. Furthermore, the court held, Nebraska law did not prohibit the collection of a service fee for a bad check, and thus no violation of the FDCPA had occurred.

## II.

This court reviews a grant of summary judgment *de novo*. Thus, summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. See Hill v. St. Louis Univ., 123 F.3d 1114, 1118-19 (8th Cir. 1997); Duffy v. Wolle, 123 F.3d 1026, 1033 (8th Cir. 1997).

---

other notice addresses those checks on which only the service charge is outstanding.

The Fair Debt Collection Practices Act (FDCPA) makes it unlawful for debt collectors to use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The Act prohibits a debt collector from collecting any service charge "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1). In addition, it is a violation of the Act to threaten to take "any action that cannot legally be taken." 15 U.S.C. §1692e(5).

The FDCPA states that any action to enforce any liability created by the Act must be brought "...within one year from the day on which the violation occurs." 15 U.S.C. §1692k(d). This Court has previously held that in cases regarding abusive debt collection letters, the date of the violation of the FDCPA occurs on the date the letter that allegedly does not comply with the FDCPA's requirements is sent to the debtor. See Mattson v. U.S. West Communications, Inc., 967 F.2d 259, 261 (8th Cir. 1997). This action was filed on May 5, 1999, more than one year after the last of the Initial Notices was mailed, on or about April 10, 1998. To the extent the complaint rests on an alleged violation of the Act committed when Checkmate sent the Initial Notices, this action is time-barred.

Freyermuth argues that his Complaint concerns alleged violations of the Act by the Subsequent Notices, not the Initial Notices. Even if we were to find that the Subsequent Notices form the basis of the Complaint and therefore it is not time barred, the claim would nonetheless fail on the merits. Checkmate did not violate the FDCPA when it attempted to collect service fees, nor when it attempted to collect on a debt that was potentially time-barred.

Under the FDCPA, a debt collector may not impose a service charge unless (i) the agreement creating the debt expressly authorizes the charge, or (ii) the charge is permitted by law. See 15 U.S.C.A.§1692f(1). Neither party has argued that the

charge was expressly authorized, and so we must look to applicable state law. Nebraska law authorizes reimbursement to the seller for incidental damages incurred as a result of the buyer's breach. Such incidental damages may include any commercially reasonable charges. Neb. Rev. Stat. U.C.C. §2-710 (1963). A person "in the position of a seller" can also recover incidental damages. In Nebraska, a "person in the position of a seller" is one who "who has ... become responsible for the price of goods on behalf of his principal...." Neb. Rev. Stat. U.C.C. §2-707(1)(1963).

In this case, various merchants referred the checks to Checkmate for collection. The merchants retained ownership of the debt, but enlisted the services of Checkmate to collect on the amount due. In this way, Checkmate "became responsible for" the debts, and thus stands in the position of the merchants for purposes of collecting incidental damages, in the form of a commercially reasonable charge. See Tuttle v. Equifax Check, 190 F.3d 9, 14-15 (2d Cir. 1999). Checkmate therefore did not violate Nebraska law when it imposed the service fees, and did not violate the FDCPA when it attempted to collect them.

The question of whether a debt collector violates the FDCPA when it attempts to collect on a potentially time-barred debt is one of first impression in this Circuit. Congress enacted the Fair Debt Collection Practices Act in order to stop "the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C.A.§1692(a). Impermissible practices include harassing, oppressive or abusive conduct; false, deceptive or misleading representations; and unfair or unconscionable collection methods. 15 U.S.C.A. §1692d-f. A court evaluating debt collection letters must view them "through the eyes of the unsophisticated consumer." Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir. 2000).

The case law on this issue focuses on the debt collector's actions, and whether an unsophisticated consumer would be harassed, misled or deceived by them. In

Kimber v. Fed. Fin. Corp., 668 F.Supp. 1480 (M.D. Ala. 1987), the court held that the debt collector's filing of a lawsuit on an apparently time-barred debt, without having first determined after a reasonable inquiry that the limitations period had been tolled, was a violation of the FDCPA. Subsequent cases have similarly turned on the threat, or actual filing, of litigation. See Beattie v. D.M. Collections, Inc., 754 F.Supp. 383, 393 (D.Del. 1991)(threat of lawsuit which debt collector knows or should know is time-barred is violation of FDCPA); Aronson v. Commercial Fin. Serv., 1997 WL 103818, *3 (W.D. Pa)(no FDCPA violation where no lawsuit threatened, and language of letters tracked language of statute); Shorty v. Capital One Bank, 90 F.Supp. 2d 1330, 1332 (D.N.M. 2000)(no FDCPA violation where no lawsuit or further collection action threatened); Johnson v. Capital One, 2000 WL 1279661, *1 (W.D.Tex.)(no violation of the FDCPA where creditor only expressed intent to pursue lawful collection attempts).

Only one court has found a violation of the Act in the absence of an express threat of litigation when a creditor attempts to collect on a time-barred debt. See Stepney v. Outsourcing Solutions, Inc., 1997 WL 722972, 4 (N.D. Ill.)(FDCPA claim stated where collection notice promised "no further collection action" if the time-barred debt was paid). Here, no legal action was taken or even threatened. As several cases have noted, a statute of limitations does not eliminate the debt; it merely limits the judicial remedies available. We decline to extend the reasoning of Kimber, and hold that, in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid.

## III.

For the aforementioned reasons, we affirm the district court's grant of summary judgment for Checkmate.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.