[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12389
_____

D.C. Docket No. 2:12-cv-00701-WKW,
Bkcy No. 08-bk-30192-DHW

STANLEY CRAWFORD,

Plaintiff - Appellant,

versus

LVNV FUNDING, LLC, et al.,

Defendants – Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 10, 2014)

Before HULL, Circuit Judge, and WALTER,[*] District Judge, and GOLDBERG,[**] Judge

GOLDBERG, Judge:

A deluge has swept through U.S. bankruptcy courts of late.  Consumer debt buyers—armed with hundreds of delinquent accounts purchased from creditors—are filing proofs of claim on debts deemed unenforceable under state statutes of limitations.  This appeal considers whether a proof of claim to collect a stale debt in Chapter 13 bankruptcy violates the Fair Debt Collection Practices Act ("FDCPA" or "Act").  15 U.S.C. §§ 1692−1692p (2006).

We answer this question affirmatively.  The FDCPA's broad language, our precedent, and the record compel the conclusion that defendants' conduct violated a number of the Act's protective provisions.  See id. §§ 1692(e), 1692d−1692f.  We hence reverse the orders of the bankruptcy and district courts.

## I. FACTS[1]

---

[*]Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

[**]Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

Stanley Crawford, the plaintiff in this case, owed $2,037.99 to the Heilig-Meyers furniture company.  Heilig-Meyers charged off this debt in 1999, and in September 2001, a company affiliated with defendant LVNV Funding, LLC, acquired the debt from Heilig-Meyers.[2]  The last transaction on the account occurred one month later on October 26, 2001.  Accordingly, under the three-year Alabama statute of limitations that governed the account, Crawford's debt became unenforceable in both state and federal court in October 2004.  See Ala. Code § 6-2-37(1).

Then, on February 2, 2008, Crawford filed for Chapter 13 bankruptcy in the Middle District of Alabama.  During the proceeding, LVNV filed a proof of claim to collect the Heilig-Meyers debt, notwithstanding that the limitations period had expired four years earlier.  In response, Crawford filed a counterclaim against LVNV via an adversary proceeding pursuant to Bankruptcy Rule 3007(b).  Crawford alleged that LVNV filed stale claims as a routine business practice and that attempting to claim Crawford's time-barred debt violated the FDCPA.

---

[1] LVNV's motion to dismiss Crawford's adversary proceeding is governed by Federal Rule of Civil Procedure 12(b)(6). See Fed. R. Bankr. P. 7012(b) (providing that Federal Rule Civil Procedure 12(b) "applies in adversary proceedings").  Accordingly, we accept the allegations in Crawford's complaint "as true and constru[e] them in the light most favorable to [Crawford]." Lanfear v. Home Depot, Inc., 679 F.3d 1267, 1275 (11th Cir. 2012) (quotation marks omitted).

[2] The other defendants in this case are Resurgent Capital Services, L.P., and PRA Receivables Management, LLC.  According to the complaint, LVNV filed the time-barred proof of claim "by and through" Resurgent in May 2008, and LVNV transferred the claim to PRA Receivables in September 2010.  We refer to defendants collectively as "LVNV."

3

Bankruptcy Judge Dwight H. Williams, Jr., dismissed Crawford's adversary proceeding in its entirety. Crawford then appealed to the district court, but Chief Judge W. Keith Watkins affirmed. Crawford v. LVNV Funding, LLC, Nos. 2:12–CV–701–WKW, 2:12–CV–729–WKW, 2013 WL 1947616 (M.D. Ala. May 9, 2013). Crawford appealed to us on May 24, 2013.

## II. THE FDCPA

To decide this case, we must first examine the statute that governs Crawford's claim: the FDCPA. The FDCPA is a consumer protection statute that "imposes open-ended prohibitions on, inter alia, false, deceptive, or unfair" debt-collection practices. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587, 130 S. Ct. 1605, 1615 (2010) (quotation marks and citations omitted). Finding "abundant evidence" of such practices, Congress passed the FDCPA in 1977 to stop "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Congress determined that "[e]xisting laws and procedures" were "inadequate" to protect consumer debtors. Id. at § 1692(b); see Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1173 (11th Cir. 1985) (noting "that despite prior [Federal Trade Commission] enforcement in the area," Congress found "[e]xisting laws and procedures" inadequate).

4

In short, the FDCPA regulates the conduct of debt-collectors, which the statute defines as any person who, <u>inter alia</u>, "regularly collects . . . debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Undisputedly, LVNV and its surrogates are debt collectors and thus subject to the FDCPA.[3]

To enforce the FDCPA's prohibitions, Congress equipped consumer debtors with a private right of action, rendering "debt collectors who violate the Act liable for actual damages, statutory damages up to $1,000, and reasonable attorney's fees and costs."  <u>Owen v. I.C. Sys., Inc.</u>, 629 F.3d 1263, 1270 (11th Cir. 2011) (citing 15 U.S.C. § 1692k(a)); <u>Jeter</u>, 760 F.2d at 1174 n.5 ("Most importantly, consumers were given a private right of action to enforce the provisions of the FDCPA against debt collectors . . . .").  To determine whether LVNV's conduct, as alleged in Crawford's complaint, is prohibited by the FDCPA, we begin "where all such inquiries must begin: with the language of the statute itself."  <u>Reese v. Ellis, Painter, Ratterree & Adams, LLP</u>, 678 F.3d 1211, 1216 (11th Cir. 2012) (quotation marks omitted).

Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Section 1692f states that "[a] debt

---

[3] It is worth noting that the FDCPA does not apply to all creditors; it applies only to professional debt-collectors like LVNV.

collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Id. § 1692f.

Because Congress did not provide a definition for the terms "unfair" or "unconscionable," this Court has looked to the dictionary for help. "The plain meaning of 'unfair' is 'marked by injustice, partiality, or deception.'" LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) (quoting Merriam–Webster Online Dictionary (2010)). Further, "an act or practice is deceptive or unfair if it has the tendency or capacity to deceive." Id. (quotation marks omitted and alterations adopted). We also explained that "[t]he term 'unconscionable' means 'having no conscience'; 'unscrupulous'; 'showing no regard for conscience'; 'affronting the sense of justice, decency, or reasonableness.'" Id. (quoting Black's Law Dictionary 1526 (7th ed. 1999)). We have also noted that "[t]he phrase 'unfair or unconscionable' is as vague as they come." Id. (quoting Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 480 F.3d 470, 474 (7th Cir. 2007)).

Given this ambiguity, we have adopted a "least-sophisticated consumer" standard to evaluate whether a debt collector's conduct is "deceptive," "misleading," "unconscionable," or "unfair" under the statute. LeBlanc, 601 F.3d at 1193-94, 1200-01 (holding that the "least-sophisticated consumer" standard applies to evaluate claims under both § 1692e and § 1692f); see also Jeter, 760

6

F.2d at 1172-78 (reversing the district court's use of the "reasonable consumer" standard in a §1692e case).  The inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is "whether the 'least sophisticated consumer' would have been deceived" by the debt collector's conduct.  Jeter, 760 F.2d at 1177 n.11.  The "least-sophisticated consumer" standard takes into account that consumer-protection laws are "not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous."  Id. at 1172-73 (quotation marks omitted).  "However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness."  LeBlanc, 601 F.3d at 1194 (quotation marks omitted and alterations adopted).

Given our precedent, we must examine whether LVNV's conduct—filing and trying to enforce in court a claim known to be time-barred—would be unfair, unconscionable, deceiving, or misleading towards the least-sophisticated consumer.  See id. at 1193-94; see also Jeter, 760 F.2d at 1172-78.[4]

---

[4] The FDCPA is generally described as a "strict liability" statute.  LeBlanc, 601 F.3d at 1190.  Nevertheless, a debt collector's knowledge and intent can be relevant—for example, a debt collector can avoid liability if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  15 U.S.C § 1692k(c).  At this juncture in the case and for purposes of this appeal, LVNV does not dispute that it knew that the debt was time-barred.

### III. DISCUSSION

The reason behind LVNV's practice of filing time-barred proofs of claim in bankruptcy court is simple.  Absent an objection from either the Chapter 13 debtor or the trustee, the time-barred claim is automatically allowed against the debtor pursuant to 11 U.S.C. § 502(a)-(b) and Bankruptcy Rule 3001(f).  As a result, the debtor must then pay the debt from his future wages as part of the Chapter 13 repayment plan, notwithstanding that the debt is time-barred and unenforceable in court.

That is what happened in this case.  LVNV filed the time-barred proof of claim in May of 2008, shortly after debtor Crawford petitioned for Chapter 13 protection.  But neither the bankruptcy trustee nor Crawford objected to the claim during the bankruptcy proceeding; instead, the trustee actually paid monies from the Chapter 13 estate to LVNV (or its surrogates) for the time-barred debt.[5]  It wasn't until four years later, in May 2012, that debtor Crawford—with the assistance of counsel—objected to LVNV's claim as unenforceable.

---

[5] The Bankruptcy Code provides a trustee in every Chapter 13 proceeding.  11 U.S.C. § 1302(a).  Statute requires the trustee (among other duties) to appear at hearings, to advise the debtor in nonlegal matters, to ensure the debtor makes timely payments, and, "if a purpose would be served, [to] examine proofs of claims and object to the allowance of any claim that is improper."  Id. §§ 1302(b)(1)−(2), (4)−(5), 704(a)(5).  Here, however, it appears the trustee failed to fulfill its statutory duty to object to improper claims, specifically LVNV's stale claim.

8

LVNV acknowledges, as it must, that its conduct would likely subject it to FDCPA liability had it filed a lawsuit to collect this time-barred debt in state court. Federal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§ 1692e and 1692f.  See Phillips v. Asset Acceptance, LLC, 736 F.3d 1076, 1079 (7th Cir. 2013) (explaining that a debt collector's filing of a time-barred lawsuit to recover a debt violates the FDCPA); see also Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32-33 (3d Cir. 2011) (indicating that threatened or actual litigation to collect on a time-barred debt violates the FDCPA, but finding no FDCPA violation because the debt-collector never pursued or threatened litigation); Castro v. Collecto, Inc., 634 F.3d 779, 783, 787 (5th Cir. 2011) (collecting cases and indicating that threatened or actual litigation to collect a time-barred debt "may well constitute a violation of [§1692e]," but ultimately concluding that no FDCPA violation occurred because the debt was not time-barred under the applicable statute of limitation); Freyermuth v. Credit Bureau Servs., 248 F.3d 767, 771 (8th Cir. 2001) (same as Huertas, supra); cf. McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 947-49 (9th Cir. 2011) (affirming summary judgment in favor of the consumer after the debt collector filed a time-barred lawsuit to recover a debt).[6]

---

[6]See also Herkert v. MRC Receivables Corp., 655 F. Supp. 2d 870, 875 (N.D. Ill. 2009)

9

As an example, the Seventh Circuit has reasoned that the FDCPA outlaws "stale suits to collect consumer debts" as unfair because (1) "few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts" and would therefore "unwittingly acquiesce to such lawsuits"; (2) "the passage of time . . . dulls the consumer's memory of the circumstances and validity of the debt"; and (3) the delay in suing after the limitations period "heightens the probability that [the debtor] will no longer have personal records" about the debt. Phillips, 736 F.3d at 1079 (quoting Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1487 (M.D. Ala. 1987) (quotation marks omitted)).

These observations reflect the purpose behind statutes of limitations. Such limitations periods "represent a pervasive legislative judgment that it is unjust to

---

("Numerous courts, both inside and outside this District, have held that filing or threatening to file suit to collect a time-barred debt violates the FDCPA."); Basile v. Blatt, Hasenmiller, Leibsker & Moore LLC, 632 F. Supp. 2d 842, 845 (N.D. Ill. 2009) ("Courts have held that the filing of a time-barred lawsuit violates the FDCPA."); Jenkins v. Gen. Collection Co., 538 F. Supp. 2d 1165, 1172 (D. Neb. 2008) ("[I]t may be inferred from Freyermuth that a violation of the FDCPA has occurred when a debt collector attempts, through threatened or actual litigation, to collect on a time-barred debt that is otherwise valid."); Larsen v. JBC Legal Grp., P.C., 533 F. Supp. 2d 290, 303 (E.D.N.Y. 2008) ("Although it is permissible [under the FDCPA] for a debt collector to seek to collect on a time-barred debt voluntarily, it is prohibited from threatening litigation with respect to such a debt."); Goins v. JBC & Assoc., P.C., 352 F. Supp. 2d 262, 272 (D. Conn. 2005) ("As the statute of limitations would be a complete defense to any suit . . . the threat to bring suit under such circumstances can at best be described as a 'misleading' representation, in violation of § 1692e [of the FDCPA]."); Beattie v. D.M. Collections, Inc., 754 F. Supp. 383, 393 (D. Del. 1991) ("[T]he threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate."); Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1487 (M.D. Ala. 1987) (holding that a debt collector's filing of a time-barred lawsuit violated § 1692f).

fail to put the adversary on notice to defend within a specified period of time." United States v. Kubrick, 444 U.S. 111, 117, 100 S. Ct. 352, 356-57 (1979). That is so because "the right to be free of stale claims in time comes to prevail over the right to prosecute them." Id. at 117, 100 S. Ct. at 357 (quoting R.R. Telegraphers v. Ry. Express Agency, 321 U.S. 342, 349, 64 S. Ct. 582, 586 (1944)) (quotation marks omitted). Statutes of limitations "protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise." Id.

The same is true in the bankruptcy context. In bankruptcy, the limitations period provides a bright line for debt collectors and consumer debtors, signifying a time when the debtor's right to be free of stale claims comes to prevail over a creditor's right to legally enforce the debt. A Chapter 13 debtor's memory of a stale debt may have faded and personal records documenting the debt may have vanished, making it difficult for a consumer debtor to defend against the time-barred claim.

Similar to the filing of a stale lawsuit, a debt collector's filing of a time-barred proof of claim creates the misleading impression to the debtor that the debt collector can legally enforce the debt. The "least sophisticated" Chapter 13 debtor may be unaware that a claim is time barred and unenforceable and thus fail to

11

object to such a claim.  Given the Bankruptcy Code's automatic allowance provision, the otherwise unenforceable time-barred debt will be paid from the debtor's future wages as part of his Chapter 13 repayment plan.  Such a distribution of funds to debt collectors with time-barred claims then necessarily reduces the payments to other legitimate creditors with enforceable claims.  Furthermore, filing objections to time-barred claims consumes energy and resources in a debtor's bankruptcy case, just as filing a limitations defense does in state court.  For all of these reasons, under the "least-sophisticated consumer standard" in our binding precedent, LVNV's filing of a time-barred proof of claim against Crawford in bankruptcy was "unfair," "unconscionable," "deceptive," and "misleading" within the broad scope of §1692e and §1692f.

Any contrary arguments mentioned in the briefs do not alter this conclusion.  For example, we disagree with the contention that LVNV's proof of claim was not a "collection activity" aimed at Crawford and, therefore, not "the sort of debt-collection activity that the FDCPA regulates."  As noted earlier, the broad prohibitions of § 1692e apply to a debt collector's "false, deceptive, or misleading representation or means" used "in connection with the collection of any debt."  15 U.S.C. § 1692e (emphases added).  The broad prohibitions of §1692f apply to a debt collector's use of "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f (emphasis added).  The FDCPA does not

12

define the terms "collection of debt" or "to collect a debt" in §§ 1692e or 1692f. However, in interpreting "to collect a debt" as used in § 1692(a)(6), the Supreme Court has turned to the dictionary's definition: "To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." Heintz v. Jenkins, 514 U.S. 291, 294, 115 S. Ct. 1489, 1491 (1995) (quoting Black's Law Dictionary 263 (6th ed. 1990)).

Applying these definitions here, we conclude that LVNV's filing of the proof of claim fell well within the ambit of a "representation" or "means" used in "connection with the collection of any debt." It was an effort "to obtain payment" of Crawford's debt "by legal proceeding." In fact, payments to LVNV were made from Crawford's wages as a result of LVNV's claim. And, it was Crawford—not the trustee—who ultimately objected to defendants' claim as time-barred. Our conclusion that §§ 1692e and 1692f apply to LVNV's proof of claim is consistent with the FDCPA's definition of a debt-collector as "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added).

LVNV also argues that considering the filing of a proof of claim as a "means" used "in connection with the collection of debt" for purposes §§ 1692e and 1692f of the FDCPA would be at odds with the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a)(6). We disagree. The automatic stay

13

prohibits debt-collection activity outside the bankruptcy proceeding, such as lawsuits in state court.  See Campbell v. Countrywide Home Loans, Inc., 545 F.3d 348, 354 (5th Cir. 2008) (explaining that the automatic stay "does not determine a creditor's claim but merely suspends an action to collect the claim outside the procedural mechanisms of the Bankruptcy Code").  It does not prohibit the filing of a proof of claim to collect a debt within the bankruptcy process.  Filing a proof of claim is the first step in collecting a debt in bankruptcy and is, at the very least, an "indirect" means of collecting a debt.  See 15 U.S.C. §§ 1692a(6), 1692e, and 1692f.

Just as LVNV would have violated the FDCPA by filing a lawsuit on stale claims in state court, LVNV violated the FDCPA by filing a stale claim in bankruptcy court.[7]

### III. CONCLUSION

---

[7]The Court also declines to weigh in on a topic the district court artfully dodged: Whether the Code "preempts" the FDCPA when creditors misbehave in bankruptcy.  Crawford, 2013 WL 1947616, at *2 n.1.  Some circuits hold that the Bankruptcy Code displaces the FDCPA in the bankruptcy context.  See Simmons v. Roundup Funding, LLC, 622 F.3d 93, 96 (2d Cir. 2010); Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 510 (9th Cir. 2002).  Other circuits hold the opposite.  See Simon v. FIA Card Ser., N.A., 732 F.3d 259, 271−74 (3d Cir. 2013); Randolph v. IMBS, Inc., 368 F.3d 726, 730−33 (7th Cir. 2004).  In any event, we need not address this issue because LVNV argues only that its conduct does not fall under the FDCPA or, alternatively, did not offend the FDCPA's prohibitions.  LVNV does not contend that the Bankruptcy Code displaces or "preempts" §§ 1692e and 1692f of the FDCPA.

Because we hold that LVNV's conduct violated the FDCPA's plain language, we vacate the district court's dismissal of Crawford's complaint and remand for further proceedings.

**VACATED** and **REMANDED**.