# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 15-6008

_____

In re: Johnny Jr. Gatewood; Cheryl Gatewood

*Debtor*s

------------------------------

Johnny Jr. Gatewood; Cheryl Gatewood

*Plaintiffs - Appellants*

v.

CP Medical, LLC

*Defendant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: June 2, 2015
Filed: July 10, 2015

_____

Before KRESSEL, SALADINO and SHODEEN, Bankruptcy Judges.

_____

SALADINO, Bankruptcy Judge.

Mr. and Mrs. Gatewood appeal from an order of the bankruptcy court[1] granting summary judgment to the defendant in an adversary proceeding concerning a proof of claim filed by the defendant on a time-barred debt. We have jurisdiction over this appeal from entry of the bankruptcy court's final order pursuant to 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## *FACTUAL BACKGROUND*

The operative facts are not in dispute. Mr. and Mrs. Gatewood filed a Chapter 13 bankruptcy petition on October 7, 2013. Many of the unsecured non-priority debts listed on their Schedule D are for medical services and include collection agents for some of the debts. CP Medical's agent timely filed a proof of claim on October 24, 2013. The Chapter 13 plan, proposing monthly payments of $124.00 over 36 months and a pro rata distribution to unsecured creditors, was confirmed on December 5, 2013. However, Mr. and Mrs. Gatewood subsequently fell behind on their plan payments and converted the case to a Chapter 7 in May 2015.

After confirmation, but during the pendency of the Chapter 13 case, Mr. and Mrs. Gatewood filed an adversary proceeding against CP Medical, LLC for monetary damages caused by a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The amended complaint indicated that CP Medical's proof of claim was for medical services provided on February 27, 2011. Mr. and Mrs. Gatewood assert that the bankruptcy and proof of claim filings were beyond Arkansas' two-year statute of limitations for the collection of a medical debt. They further assert that by filing a claim on a debt that is time-barred, CP Medical engaged

---

[1] The Honorable Ben T. Barry, United States Bankruptcy Judge for the Western District of Arkansas.

in a "false, deceptive, misleading, unfair and unconscionable" debt collection practice in contravention of the FDCPA.[2]

The parties filed cross-motions for summary judgment, and on February 6, 2015, the bankruptcy court granted CP Medical's motion and denied Mr. and Mrs. Gatewood's motion. In doing so, the court relied on Eighth Circuit precedent holding that no FDCPA violation occurs when a debt collector attempts to collect a potentially time-barred debt that is otherwise valid unless there is actual litigation or the threat of litigation. Order of Feb. 6, 2015, at 8. The court characterized the filing of CP Medical's proof of claim as a simple attempt to share in any distribution made to listed creditors in the bankruptcy case, an action that does not rise to the level of actual or threatened litigation. In denying Mr. and Mrs. Gatewood's motion, the court pointed out that the FDCPA and the Bankruptcy Code overlap but serve different purposes, in that a bankruptcy debtor is protected from collection activities by the Code and has other avenues to challenge claims the debtor believes are unenforceable. The court ultimately held that the FDCPA is not the controlling statute after a debtor files a bankruptcy petition. Mr. and Mrs. Gatewood then appealed.

### *STANDARD OF REVIEW*

We review de novo the bankruptcy court's grant of summary judgment, and will affirm the grant of summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Shaffer v. Bird*

---

[2]While the adversary proceeding complaint fails to identify which specific sections of the FDCPA were violated, the operative language used in the complaint appears to be referencing 15 U.S.C. §§ 1692e (which prohibits a debt collector from using false, deceptive or misleading representations) and 1692f (which prohibits the use of unfair or unconscionable means to collect a debt). More specifically, 15 U.S.C.§ 1692e(5) states that the threat to take any action that cannot legally be taken is a violation of that section.

*(In re Bird)*, 513 B.R. 104, 106 (B.A.P. 8th Cir. 2014); *Ritchie Capital Mgmt., LLC v. Stoebner*, 779 F.3d 857, 860-61 (8th Cir. 2015). Here, there is no dispute as to the material facts. Accordingly, we must review de novo whether CP Medical is entitled to judgment as a matter of law.

## *DISCUSSION*

Mr. and Mrs. Gatewood identify the issue on appeal as whether the filing of a proof of claim that is supported by a debt time-barred under applicable state law (a "stale" debt) constitutes a violation of the FDCPA, 15 U.S.C. §§ 1692e and 1692f, as a means of debt collection that is either false, misleading, deceptive, unfair, or unconscionable. To answer this question, we must determine whether, under the FDCPA, the filing of a proof of claim in a bankruptcy case constitutes an attempt to collect upon the debt and, if so, whether the filing of a proof of claim on a stale debt is a debt collection action that is false, misleading, deceptive, unfair, or unconscionable under the FDCPA.

Liability for violations of the sections of the FDCPA asserted in Mr. and Mrs. Gatewood's complaint can only arise from actions taken "in connection with the collection of any debt." 15 U.S.C. §§ 1692e and 1692f. Mr. and Mrs. Gatewood argue that the filing of a proof of claim in bankruptcy is an act in connection with the collection of a debt. We agree.

We believe it is abundantly clear that the filing of a proof of claim in a bankruptcy case is intended to result in some recovery for the creditor on the debt set out in the proof of claim. *See Dunaway v. LVNV Funding, LLC,* 531 B.R. 267, 271 (Bankr. W.D. Mo. 2015) (*citing LaGrone v. LVNV Funding, LLC (In re LaGrone)*, 525 B.R. 419 (Bankr. N.D. Ill. 2015), and *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1262 (11th Cir. 2014) (stating that "[f]iling a proof of claim is the first step in

-4-

collecting a debt in bankruptcy and is, at the very least, an 'indirect' means of collecting a debt.")).

CP Medical argues that even if the filing of a proof of claim in bankruptcy could be considered an action to collect a debt, it is not "litigation" or the "threat of litigation" and, therefore, there is no violation of the FDCPA. For this proposition, CP Medical cites to the Eighth Circuit Court of Appeals decision in *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767 (8th Cir. 2001), which held that, "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." Thus, the question is whether the filing of a proof of claim in a bankruptcy case is "a threat of litigation or actual litigation."

In bankruptcy, the filing of a proof of claim is triggered by an act of the debtor – the filing of the bankruptcy case. The debtor has a duty to file a list of creditors. 11 U.S.C. § 521(a)(1)(A). Those creditors are then given the opportunity to file a proof of claim. 11 U.S.C. § 501(a). A proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If an objection is filed to a claim, the court will, "after notice and hearing," determine the amount and allow the claim unless it falls under one of several exceptions to allowance. One of those exceptions is if the claim is unenforceable against the debtor and the property of the debtor under applicable law. 11 U.S.C. § 502(b)(1).

It is easy to see how the entire claims allowance process could be classified as "litigation," particularly since "notice and hearing" are required once an objection is filed. Less clear, however, is whether the singular act of filing a proof of claim – an act done solely to protect the creditor's rights after receiving notice to do so – is "litigation" for purposes of the FDCPA. In any event, the Eighth Circuit Court of Appeals seems to have answered this question in the affirmative when it said: "When a creditor files a proof of claim before the bankruptcy court, this amounts to a civil

action to collect the debt, which arguably invokes the litigation machinery." *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1091 (8th Cir. 2007) (citation omitted). While the holding in *Lewallen* was not directly in the context of the FDCPA, we agree that the filing of a proof of claim "arguably invokes the litigation machinery." Thus, *Freyermuth* does not stand in the way of an action under the FDCPA based on a stale debt.[3]

The foregoing discussion leads us to the ultimate question on appeal – whether the filing of a proof of claim on a stale debt is a debt collection action that is false, misleading, deceptive, unfair, or unconscionable under the FDCPA. Mr. and Mrs. Gatewood encourage us to follow the holding of the Eleventh Circuit Court of Appeals in *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014), which said debt-collector creditors who file a time-barred proof of claim in a Chapter 13 bankruptcy case engage in deceptive, misleading, unconscionable, or unfair conduct under the FDCPA. The *Crawford* court focused on the harm to the debtors and the bankruptcy estate caused by such a filing, in that the onus would be on either the trustee or the debtor to object to the claim, and if they did not, the claim would automatically be allowed and paid, at least in part, to the detriment of other creditors. This potential outcome was deemed unfair, unconscionable, deceptive, and misleading under the "least-sophisticated consumer" standard used by the Eleventh Circuit in FDCPA cases.

Subsequent to the ruling in *Crawford*, many courts outside of the Eleventh Circuit have considered the same question with an emphasis on the bankruptcy aspect and have reached a different conclusion. The basis for that conclusion, finding that

---

[3]Of course, *Freyermuth* does not stand for the proposition that a FDCPA violation has occurred if there is *any* sort of litigation associated with a stale debt. It only stands for the proposition that absent litigation or the threat of litigation, there cannot be a FDCPA violation for trying to collect a stale debt. If there is litigation, the decision still needs to be made as to whether the FDCPA has been violated.

filing a stale proof of claim is not grounds for an FDCPA action, focuses on the protections already provided to debtors by the Bankruptcy Code, rendering the *Crawford* court's apprehensions about debt collectors taking advantage of debtors unwarranted.

The United States District Court for the Eastern District of Pennsylvania recently addressed the question in an FDCPA action brought by a debtor against a creditor who filed a proof of claim on a time-barred debt. The court weighed the reasoning of *Crawford*, as well as that of a Second Circuit case in which the court had ruled that an inflated proof of claim does not give rise to an FDCPA violation because "[t]here is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself." *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010). The Pennsylvania court adopted *Simmons*' rationale, noting that debtors are protected by the bankruptcy court and court officers from abusive collection practices, and the Bankruptcy Code provides adequate remedies for potential creditor misconduct. *Torres v. Asset Acceptance, LLC*, ___ F. Supp. 3d ___, 2015 WL 1529297 (E.D. Pa. Apr. 7, 2015) (appeal filed May 13, 2015). "Under these circumstances, the Court will not insert judicially created remedies into Congress's carefully calibrated bankruptcy scheme, thus tilting the balance of rights and obligations between debtors and creditors." *Id.* at *7.

In a recent case from within the Eighth Circuit, the bankruptcy court for the Western District of Missouri granted summary judgment to a debt collector creditor, ruling that while filing a proof of claim was an action to collect a debt for purposes of the FDCPA, filing a proof of claim on a time-barred debt does not violate the FDCPA. *Dunaway v. LVNV Funding, LLC (In re Dunaway)*, 531 B.R. 267 (Bankr. W.D. Mo. 2015). The Missouri bankruptcy court rejected the debtor's request to apply the Eleventh Circuit's "least sophisticated consumer" standard for determining the existence of a FDCPA violation. As that court aptly stated:

> While the FDCPA's purpose is to protect unsophisticated consumers from unscrupulous debt collectors, that purpose is not implicated when a debtor is instead protected by the court system and its officers. *See Simmons,* 622 F.3d at 96. The Court agrees that there are differences between lawsuits filed against individuals and proofs of claim filed in bankruptcy cases, all indicating that the deception and unfairness of untimely lawsuits is not present in the bankruptcy claims process. *See LaGrone,* 525 B.R. at 426.

531 B.R. at 273.

In addressing the FDCPA's purpose of protecting unsophisticated consumers from unscrupulous debt collectors, the *Dunaway* court specifically noted the protections provided by the Bankruptcy Code that debtors outside of bankruptcy do not enjoy when faced with a potential debt collection action. For instance, debtors in bankruptcy often have their own attorneys, as well as trustees who owe fiduciary duties to all parties and have a statutory obligation to object to unenforceable claims, available to run interference for them and determine whether filed proofs of claim in fact represent valid debts. If there is an issue with a proof of claim, the Bankruptcy Code provides for a claims resolution process involving an objection and a hearing to assess the amount and validity of the claim. This is generally a more streamlined and less unnerving prospect for a debtor than facing a collection lawsuit. *Id.* In addition, the court pointed out, the debtors have less at stake in claims allowance than they would when facing enforcement of an adverse judgment in a collection action, in that a creditor holding an allowed unsecured claim is likely to merely share pro rata in the distribution of the pool of available funds and see the unpaid portion of its claim discharged. *Id.* at 273-74. For these reasons, the court held, the filing of a proof of claim on a stale debt does not constitute a unfair or deceptive debt collection practice.

Other cases finding no violation of the FDCPA based on filing a claim for a stale debt include *Broadrick v. LVNV Funding, LLC (In re Broadrick)*, ___ B.R. ___, 2015 WL 3855251 (Bankr. M.D. Tenn. June 19, 2015); *Donaldson v. LVNV Funding, LLC*, ___ F. Supp. 3d ___, 2015 WL 1539607 (S.D. Ind. Apr. 7, 2015); *Torres v. Cavalry SPV I, LLC*, 530 B.R. 268 (E.D. Pa. 2015); *Jenkins v. Genesis Fin. Solutions (In re Jenkins)*, 456 B.R. 236 (Bankr. E.D.N.C. 2011); *B-Real, LLC v. Rogers*, 405 B.R. 428 (M.D. La. 2009); and *Jacques v. U.S. Bank N.A. (In re Jacques)*, 416 B.R. 63 (Bankr. E.D.N.Y. 2009).

We find compelling the thoughtful analysis of Judge Mashburn from the United States Bankruptcy Court for the Middle District of Tennessee:

> Using an unnecessarily sweeping interpretation of the FDCPA to find even an accurate proof of claim, albeit based on a stale debt, to be a violation of the FDCPA runs counter to the Supreme Court's "cardinal principle of construction" to give effect to both laws. However, finding that the bankruptcy claims process is so contradictory to the FDCPA protections that the FDCPA must be essentially ignored in every bankruptcy situation likewise violates that important principle.
>
> Thus, this Court rejects the holding in *Crawford* and finds that not every filing of a proof of claim on a stale claim is automatically a violation of the FDCPA. However, going to the other extreme and finding, as *Simmons* did, that the laws are so inconsistent that the FDCPA can never be applied in the bankruptcy claims setting would be just as contrary to the goal of making the two laws work together to the extent possible.

*Broadrick*, ___ B.R. ___, 2015 WL 3855251 at *11-12.

Here, the undisputed facts are that Mr. and Mrs. Gatewood listed in their bankruptcy schedules the very debt upon which CP Medical filed its proof of claim. Notice was given to CP Medical and its agents to file a proof of claim in order to participate in any distributions to unsecured creditors. Through its agent, CP Medical filed a claim that is on its face accurate and not misleading. There is nothing improper about attempting to collect on a time-barred debt since the debt remains. *Freyermuth,* 248 F.3d at 771 (stating "[a]s several cases have noted, a statute of limitations does not eliminate the debt; it merely limits the judicial remedies available."). Mr. and Mrs. Gatewood are seeking a discharge of their indebtedness, including the debt owed to CP Medical. In fact, they did not object to CP Medical's claim.[4] To then sue CP Medical under the FDCPA for doing that which it was invited to do – file an accurate proof of claim – offends the senses.

## *CONCLUSION*

The FDCPA does not prohibit *all* debt collection practices. Instead, it simply prohibits false, misleading, deceptive, unfair, or unconscionable debt collection practices. Filing in a bankruptcy case an accurate proof of claim containing all the required information, including the timing of the debt, standing alone, is not a prohibited debt collection practice. Accordingly, the judgment of the bankruptcy court is affirmed.[5]

———————————————

[4]As the *Broadrick* court noted, a debtor may actually desire to have a stale claim paid in bankruptcy. For example, there may be a co-signer who would otherwise bear the burden of payment.

[5]In light of the decision here, it is not necessary to address the other arguments raised in the parties' briefs.