Larry **ROJAS,** Plaintiff,

v.

**LAW OFFICES OF DANIEL C. CONSUEGRA, P.L. and Dyck– O'Neal, Inc.,** Defendants.

**Case No: 6:14–cv–1374–Orl–22GJK**

United States District Court, M.D. Florida, **Orlando Division.**

Signed July 22, 2015

*P.L.,* No. 3:14–cv–1014–J–32PDB, 2015 WL 1707479 (M.D.Fla. Apr. 15, 2015).

N. James Turner, N. James Turner, LLC, Orlando, FL, for Plaintiff.

Barbara Fernandez, David P. Hartnett, West Allan Holden, Hinshaw & Culbertson, LLP, Coral Gables, FL, Christopher Lee Hixson, Law Offices of Daniel C. Consuegra, PL, Benjamin W. Raslavich, Dale Thomas Golden, Golden Scaz Gagain, PLLC, Tampa, FL, for Defendants.

## ORDER

ANNE C. CONWAY, United States District Judge

This cause comes before the Court on Defendant Dyck–O'Neal, Inc.'s ("Dyck–O'Neal") Motion to Dismiss, (Doc. No. 40), Counts IV and VI of Plaintiff Larry Rojas's ("Rojas") Amended Complaint, (Doc. No. 38). Rojas filed a Memorandum in opposition to the Motion, (Doc. No. 43). For the following reasons, the Motion will be granted.

## I. BACKGROUND

Rojas contends that Dyck–O'Neal violated the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") by filing suit for a deficiency judgment against him in an improper venue. Rojas pleads violations of three statutes against Dyck–O'Neal: 15 U.S.C. § 1692i for bringing an action to enforce a debt in an improper venue (Count II); 15 U.S.C. § 1692e for falsely representing the character, amount, or legal status of a debt (Count IV); and section 559.55(2), Florida Statutes, for attempting to enforce a debt with knowledge that the debt was not legitimate (Count VI). In an earlier motion to dismiss, Dyck–O'Neal argued that because the deficiency did not arise out of a consumer transaction, the deficiency judgment action was not part of an attempt to enforce a debt. (See Doc. No. 14.) The Court denied that motion, but ordered supplemental briefing by the parties on two issues: whether the factual allegations in the original complaint were sufficient to plead a claim under 15 U.S.C. § 1692i, and whether those allegations, without more, could ever sustain a claim under § 1692e. (Doc. No. 32 at 16–17.) Rojas subsequently amended his complaint to address the first issue, apparently to Dyck–O'Neal's satisfaction, but the supplemental briefs and the instant Motion reveal a sharp disagreement as to the second issue.

## II. LEGAL STANDARD & ANALYSIS

For purposes of deciding a motion to dismiss for failure to state a claim under

Rule 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir.2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed.R.Civ.P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). Thus, the Court is not required to accept as true a legal conclusion merely because it is labeled a "factual allegation" in the complaint; it must also meet the threshold inquiry of facial plausibility. *Id.*

Count IV of Rojas' Amended Complaint attempts to plead a claim under 15 U.S.C. § 1692e(2)(A)[1]: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" such as "[t]he false representation of the character, amount, or legal status of any debt." What follows is the entirety of Rojas' claim, other than the above-quoted statutory text: "The legal status of the debt that was sought to be collected by Defendant, Dyck O'Neal, Inc., was that it was not a valid debt because the Florida Courts had no basis for personal jurisdiction over Plaintiff." (Am.Compl.¶ 43.) Parsing that language, it appears that Rojas is suggesting that a debt is "not ... valid" if a creditor attempts to enforce it in a court that lacks personal jurisdiction over the debtor. This is a novel argument—so novel, in fact, that Rojas has failed to cite any supporting authority, either in his supplemental brief or his Memorandum in opposition to the instant Motion.[2] In contrast, at least one other court has found that jurisdictional defects in a debt collection lawsuit are not, without more, independent violations of § 1692e. *See Wilson v. Asset Acceptance, LLC*, 864 F.Supp.2d 642, 644–45 (E.D.Ky.2012). Because filing a debt-collection suit in a court that lacks personal jurisdiction over a debtor-defendant does not, standing alone, amount to a misrepresentation of the legal status of the underlying debt, the Motion to Dismiss Rojas' FDCPA claim based on § 1692e(2) will be granted.[3]

---

1. The Amended Complaint states that Dyck–O'Neal violated 15 U.S.C. § 1692e(1), but goes on to quote the text of § 1692e(2). There are no factual allegations whatsoever to support a violation of the former statute, so the Court assumes that Rojas' counsel actually intended to plead a claim under the latter.

2. Several courts, including the Eleventh Circuit, have held that filing suit, or threatening to file suit, on a time-barred debt violates §§ 1692e and 1692f. *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259–60 (11th Cir.2014) (collecting cases). Here, the legal status of the debt is not in dispute—both parties presume that it is valid. They just disagree as to the appropriate venue for conducting an action to enforce it. As the Court explained in its Order on Dyck–O'Neal's previous motion to dismiss, § 1692i is the appropriate vehicle for obtaining relief on that alleged violation. (*See* Doc. No. 32.)

3. Section 1692e provides a nonexclusive list of "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt" that would violate the FDCPA. 15 U.S.C. § 1692e. Because Rojas only attempted to plead a claim under § 1692e(2), the Court does not consider whether the factual allegations in the Complaint could sustain a claim under any of the

Because Rojas consents to dismissal of Count VI of his Amended Complaint, the Motion will be granted as to that claim, too. (*See* Mem. Opp'n (Doc. No. 43) at 4.)

## III. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Defendant Dyck–O'Neal, Inc.'s Motion to Dismiss, (Doc. No. 40), filed June 1, 2015, is **GRANTED.** Counts IV and VI of the Amended Complaint, (Doc. No. 38), are **DISMISSED.**

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 22, 2015.

other subsections or for an unlisted violation of § 1692e.