PER CURIAM:
Credit Central South, Inc., appeals a judgment affirming an award of punitive damages and attorney’s fees for its violation of the automatic stay in a bankruptcy case commenced by Marion Parker. See 11 U.S.C. § 362(a). After a bench trial, the bankruptcy court found that Credit Central willfully violated the automatic stay and awarded Parker $2,000 in compensatory damages for emotional distress, $10,000 in punitive damages, and more than $30,000 in attorney’s fees. See id. § 362(k). The district court determined that Parker failed to establish that he suffered significant emotional distress and vacated the award of compensatory damages, and Parker does not contest that decision. But the district court agreed with the bankruptcy court that Credit Central willfully contravened the automatic stay in reckless disregard of the law and Parker’s rights and affirmed the award of punitive damages and attorney’s fees. Credit Central challenges that judgment in Parker’s favor. After careful review, we affirm.
I. BACKGROUND
Credit Central filed a small claims action in a state court against Parker and, nine days later, on August 23, 2012, Parker filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code. That day, Parker told the local branch manager for Credit Central, Kimi Speaks, that he had filed for bankruptcy. The bankruptcy court mailed a copy of a notice of commencement to Credit Central, and on August 28, 2015, Credit Central filed a proof of claim in Parker’s bankruptcy case.
The small claims action continued despite the filing of Parker’s petition for bankruptcy. On September 29, 2012, a deputy sheriff served process on Parker at work. On October 25, 2012, the state court entered a default judgment against Parker.
On October 26, 2012, Parker filed an adversary proceeding against Credit Central for willfully violating the automatic stay. See id. § 362(a), (k). On November 2, 2012, Credit Central dismissed its state action against Parker. Later, Credit Central answered the adversary complaint and denied “each and every material allegation,” including the existence and amount of Parker’s debt, its notice of or filing a proof of claim in the bankruptcy case, and the service of process on Parker.
The bankruptcy court held a trial and heard testimony from Parker and Speaks. Parker testified that he was embarrassed by being served with process at work and he remained “upset" for “a few days,” but he did not seek any medical treatment. Speaks testified that she notified a clerk of the small claims court that Parker had filed for bankruptcy, and the clerk responded that Parker’s counsel had to provide notice of the bankruptcy case. Speaks also testified that she called the *772 clerk after the district court attempted service on Parker, made service on him, and entered a default judgment against him.
The bankruptcy court entered a judgment in Parker’s favor. The bankruptcy court awarded Parker $2,000 in compensatory damages based on a finding that he suffered emotional distress when Credit Central “destroy[ed]” the peace he should have enjoyed “from the incessant demands of his creditors for payment.” Parker was entitled to $10,000 in punitive damages, the district court determined, to discourage Credit Central from continuing to use unsophisticated advocates to prosecute collection actions as a cost-saving measure. Later, the bankruptcy court ordered Credit Central to pay the costs and attorney’s fees that Parker had incurred, including the costs of prosecuting his adversary proceeding, as a mandatory penalty for its willful violation of the automatic stay. See id. § 362(k). And the bankruptcy court mentioned that Credit Central litigated in bad faith.
The district court affirmed the award of punitive damages and attorney’s fees, but vacated the award of compensatory damages. The district court determined that it was “proper to find a willful violation because Credit Central knew about Mr. Parker’s bankruptcy petition and allowed its state court suit to progress for over two months before effectually staying or dismissing that litigation.” That willful violation warranted punitive damages and an award of costs and attorney’s fees, the district court reasoned, because Credit Central “aggravated the injury” to Parker when it failed to “cease violating the automatic stay until he sued” and then “persisted in the adversary proceeding to deny its conduct, the amount of- Mr. Parker’s debt, its receipt of notice of the bankruptcy case, its service of process on Mr. Parker in the state court suit, and even its own filing of a proof of claim.” But the district court ruled that Parker’s testimony about being embarrassed and anxious failed to establish that he suffered “significant emotional distress” to support an award of actual damages.
II. STANDARDS OF REVIEW
As the second court of review, we review de novo the legal conclusions of the district court and the bankruptcy. court. In re Int'l Pharmacy & Disc. II, Inc., 443 F.3d 767, 770 (11th Cir.2005). We review the factual findings of the bankruptcy court for clear error. Id. “[F]indings of fact are not clearly erroneous unless, in light of all the evidence, we are left with the definite and firm conviction that a mistake has been made.” Id.
III. DISCUSSION
Credit Central seeks to vacate the judgment in Parker’s favor. Credit Central challenges the findings that it willfully violated the automatic stay and that Parker was injured by the violation. Credit Central also argues that its conduct was not sufficiently egregious to support an award for punitive damages and that Parker did not suffer any actual damages to support the award of attorney’s fees. Because the record supports the determination that Credit Central willfully contravened the automatic stay until Parker filed his adverse proceeding, we affirm the judgment in his favor.
The Bankruptcy Code provides that a creditor must stay all proceedings against a debtor and his property after he files a petition for bankruptcy. 11 U.S.C. § 362(a)(1). Section 362(a)(1) states that “a petition filed under ... this title ... operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial ... action or proceeding against the debtor ... or to recover a *773 claim against the debtor that arose before the commencement of the case under this title.” Id. If the creditor disregards its obligation to stay its collection proceeding, the debtor has a remedy. “[An] individual injured by any willful violation of a stay .., shall recover actual damages, including costs and attorneys’ fees, and, in appropriate circumstances, may recover punitive damages.” Id. § 362(k)(l).
The bankruptcy court did not clearly err in finding that Credit Central willfully violated the automatic stay. Credit Central knew that Parker had filed a petition for bankruptcy and that the “automatic stay prohibits debt-collection activity outside the bankruptcy proceeding, such as lawsuits in state court,” Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1261-62 (11th Cir.2014), yet Credit Central refused to honor the automatic stay until it was sued by Parker. And after the clerk refused to stay the action against Parker by telephonic request, Credit Central declined to use any means, such as filing a written motion, to prevent “the issuance or employment of process” on Parker or the entry of a default judgment against him. See 11 U.S.C. § 362(a)(1).
The district court did not err in determining that Parker was injured by the violation of the automatic stay. “The plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.” Jove Eng’g, Inc. v. IRS, 92 F.3d 1539, 1550 (11th Cir.1996) (quoting United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (emphasis omitted)). Section 362(k)(l) states plainly that a debtor’s “actual damages[ ] includ[e] costs and attorneys’ fees” and that an award of actual damages is mandatory when the stay is violated willfully. 11 U.S.C. § 362(k)(1); see Jove Eng’g, 92 F.3d at 1559 (“Regarding automatic stay violations, the Bankruptcy Code provides two relevant, independent sources for awarding attorney fees, § 105(a) (discretionary) and § 362(h) (mandatory).”). Parker had to file an adverse proceeding to force Credit Central to desist from further violating the automatic stay, and thereafter, Credit Central litigated in bad faith. Based on a straightforward reading of section 362(k)(l), the costs and attorney’s fees that Parker incurred to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury.
The district court also did not err in affirming the award of punitive damages. When a creditor willfully violates the automatic stay, a debtor “in appropriate circumstances, may recover punitive damages.” 11 U.S.C. § 362(k)(l). Punitive sanctions are appropriate when a party acts with “reckless or callous disregard for the law or rights of others.” In re McLean, 794 F.3d 1313, 1325 (11th Cir. 2015) (quoting Goichman v. Bloom (In re Bloom), 875 F.2d 224, 228 (9th Cir.1989)). Credit Central acted with reckless disregard of the automatic stay by using nonat-torney staff to prosecute small claims actions for the admitted purpose of lessening its legal costs. And Credit Central was indifferent to Parker’s rights to have “a breathing spell from his creditors,” to escape “all collection efforts[ and] all harassment,” and “to be relieved of the financial pressure that drove him into bankruptcy.” See Ellison v. Nw. Eng’g Co., 707 F.2d 1310, 1311 (11th Cir.1983) (internal quotation marks and citation omitted). Because Credit Central committed the type of conduct that the automatic stay was created to prevent, punitive damages were appropriate to serve the dual purposes of punishing Credit Central for its indifference to the law and Parker’s rights and to deter it from committing future similar misconduct. Credit Central argues that it was *774 denied due process, but the district court carefully reviewed the judgment and provided a reasoned basis for its decision to affirm the award of punitive damages. We need not address the amount of the punitive damages, which is not challenged by Credit Central.
Credit Central argues that Parker is not entitled to an award of attorney’s fees because he did not suffer “actual damages,” but this argument fails. Parker incurred costs and attorney’s fees to force Credit Central to discontinue violating the automatic stay and to prosecute the adversary proceeding. As Credit Central acknowledged in its motion in- opposition to Parker’s motion for attorney’s fees, “it is clear that attorney’s fees are included in ‘actual damages’” under section 362(k). Credit Central fails to provide any sound reason to disturb the award of attorney’s fees.
IY. CONCLUSION
We AFFIRM the judgment in favor of Parker.